ERNEST LONG, APPELLANT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, RE-
SPONDENT.

Argued May 21, 1941—Decided September 19, 1941.

For the appellant, *Herbert Clark Gilson.*

For the respondent, *John A. Laird.*

The opinion of the court was delivered by

PARKER, J.  The plaintiff, an intending passenger from
Summit to New York on defendant's railway, while waiting
on the station platform for his train, was struck by some part
of another train which did not stop at that station.  There
was a nonsuit at the trial, and that ruling is the sole ground
of appeal argued.

The tracks at the Summit station run practically east and
west, and the platform on which plaintiff was standing, and
which, according to a surveyor's map in evidence, was nine-
teen feet two inches wide, was between two eastbound tracks,
that on the south connecting with the Gladstone Branch, and
that on the north with the line to Morristown and points
west.  The train that plaintiff intended to take would come
from Morristown, and stop on the north side of the platform.
Plaintiff, however, took his stand toward the southerly side
and was reading his newspaper when struck by a train from
Gladstone which was an express, and did not stop at Summit.
He was admittedly standing between six and eight inches

from the southerly edge of the platform. There was no evidence, and no claim in the complaint, of any abnormal projection from the side of the train. The second count of the complaint alleges that "one of the cars * * * was equipped with an iron bar which projected close to and over the edge of the platform" but in the testimony this turned out to be a handrail for the use of passengers in boarding and alighting, which projected not over three inches from the corner of the car. We find nothing substantial.in the claim that the "safety line" was obliterated, or in the absence of a station master to warn passengers to stand back, or in the passage of trains at speed without warning. The case is not one of being caught by the suction of a belated train, as in *Munroe* v. *Pennsylvania Railroad Co.,* 85 *N. J. L.* 688, but that of a passenger standing so near to the edge of the platform opposite to that from which he was to embark, as to be struck by the train itself. We do not think there was a case for the jury on primary negligence; but even if this were conceded, the plaintiff was plainly barred by reason of contributory negligence. "The law is well settled in this state that where a person places himself so near the edge of a railroad platform as to be within the line of the ordinary overhang of a properly constructed platform and engine, he contributes to the injury." *Higgins* v. *Erie Railroad Co.,* 89 *Id.* 629, citing *Dotson* v. *Erie Railroad Co.,* 68 *Id.* 679.

The nonsuit was rightly directed, and the judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—PERSKIE, J. 1.